IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
LESLIE ATKINSON,                    )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )
                                    )
CREDIT ACCEPTANCE CORPORATION       )
PRIMERITUS FINANCIAL SERVICES       )
INC., CAROLINA REPO, LLC,           )    1:22-cv-369
BRENT GODFREY, in his               )
individual capacity as a law        )
enforcement officer with the        )
Harnett County Sheriffs Office,     )
WAYNE COATS, in his official        )
capacity as Sheriff of Harnett      )
County, North Carolina, and         )
JOHN DOE, as Surety,                )
                                    )
         Defendants.                )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

As a result of what Plaintiff, Leslie Atkinson, contends was a wrongful private repossession of her car, Plaintiff brought this action against a number of defendants including Harnett County Sheriff Wayne Coats (hereinafter "Coats") and Deputy Brent Godfrey (hereinafter "Godfrey"). (See Doc. 1.) All other named defendants, that is, Credit Acceptance Corporation, Primeritus Financial Services, Inc., and Carolina Repo, LLC, and the claims related to those defendants, have been dismissed without prejudice in favor of arbitration. (Doc. 44 at 5.) The

sole remaining claim is set forth in Count X, in which Plaintiff alleges a violation of 42 U.S.C. § 1983 as to Coats and Godfrey. (Doc. 1 at 24-29.)

Coats and Godfrey move to dismiss Count X pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 18.) Plaintiff has responded in opposition to the motion, (Doc. 27), and Defendants have replied, (Doc. 35). This court finds Defendants' motion to dismiss, (Doc. 18), should be denied.

## I.  **BACKGROUND**

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint . . . ." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) (quoting King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016)). Defendants move for dismissal pursuant to both 12(b)(1) and 12(b)(6), however, neither party has requested an evidentiary hearing with respect to the 12(b)(1) motion. Defendants' jurisdictional challenge is a facial challenge to the complaint.

In a facial challenge, a defendant asserts that the allegations, taken as true, are insufficient to establish subject matter jurisdiction. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). The court then effectively affords a plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration," taking the facts

as true and denying the Rule 12(b)(1) motion "if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id. (citations omitted).

The facts, as relevant to this motion and taken in the light most favorable to Plaintiff, are as follows.

Plaintiff is a resident of Sanford, North Carolina. (Compl. (Doc. 1) at 2.) Coats was the Sheriff of Harnett County, North Carolina. (Id. at 4.) Godfrey[1] was a Deputy Sheriff with the Harnett County Sheriff's Office. (Id.)

On January 18, 2022, Carolina Repo, LLC (hereinafter "CR") attempted to repossess Plaintiff's vehicle which was at that time parked by Plaintiff's back door. (Id. at 7.) "As CR was backing up its truck towards the Vehicle, [Plaintiff] jumped in the Vehicle" and started to drive away. (Id. at 8.) CR backed up

---

[1] The complaint contains allegations as to Godfrey, set forth in paragraphs 30-42, that are irrelevant, immaterial, inflammatory, and completely inappropriate here even if true. (See Compl. (Doc. 1) ¶¶ 30-42.) These allegations have no bearing on Plaintiff's claim, at least none this court can discern at this stage. As a result, these allegations appear to violate at least Fed. R. Civ. P. 8 and 12(f) as well as perhaps Fed. R. Civ. P. 10(b). While this court is not able to definitively say these allegations will have no bearing on the subject matter at some point in time, they do not have any bearing on the present pleadings or issues. Plaintiff is cautioned that further allegations which appear to be "immaterial, impertinent, or scandalous," see Fed. R. Civ. P. 12(f), will be addressed by this court on its own motion. For purposes of this order, the immaterial allegations will be ignored.

- 3 -

and slid the tow bar under the vehicle and lifted the vehicle by the bumper, causing the vehicle's back tires to spin in the air. (Id.) CR approached Plaintiff in her vehicle and demanded that she exit the vehicle, to which Plaintiff responded that CR drop the vehicle and leave. (Id.) The two argued. (Id.)

While the confrontation continued, CR called the Harnett County Sheriff's Office for assistance. (Id. at 8–9.) Godfrey was sent to Plaintiff's home where, upon arrival, Godfrey saw Plaintiff still in the vehicle with the back end of the vehicle raised by the tow bar. (Id. at 10–11.) Plaintiff "explained to Godfrey that she was inside the Vehicle when CR slid its tow bar under her bumper, she was inside the vehicle when CR lifted it, and pointed out that the Vehicle was not even hooked up properly." (Id. at 11.)

According to Plaintiff, Godfrey "ordered [Plaintiff] to exit the vehicle so that CR could repossess it." (Id. at 11.) Plaintiff alleges that she was intimidated by Godfrey and therefore exited the vehicle so that it could be repossessed. (Id.)

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

- 4 -

Case 1:22-cv-00369-WO-LPA   Document 45   Filed 03/09/23   Page 4 of 16

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556–57). When ruling on a motion to dismiss, this court accepts the complaint's factual allegations as true. Id. Further, this court liberally construes "the complaint, including all reasonable inferences therefrom, . . . in plaintiff's favor." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted). This court does not, however, accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must prove by a preponderance of the evidence the existence of subject matter jurisdiction. See U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).

### III. **ANALYSIS**

Defendants make three arguments in support of their motion to dismiss. Defendants argue that Plaintiff has failed to

plausibly allege the necessary state action under 42 U.S.C. § 1983 because Godfrey's actions are no more than a "de minimus involvement in a private company's repossession of Plaintiff's vehicle . . . ." (Mot. to Dismiss Defs. Brent Godfrey and Sheriff Wayne Coats ("MTD") (Doc. 18) at 1.) Defendants also argue that Godfrey is entitled to qualified immunity as a matter of law. (Id. at 2.) Finally, Defendants argue that as to Coates, Plaintiff has failed to plausibly allege a policy or custom of the Harnett County Sheriff which caused a constitutional violation. (Id.) Plaintiff disagrees and argues the motion should be denied. (See Pl. Leslie Atkinson's Resp. to Defs. Brent Godfrey and Wayne Coats Mot. to Dismiss ("Resp.") (Doc. 27).)

Both parties submit, and this court agrees, that the Fourth Circuit has not addressed the issue of law enforcement involvement in the private repossession of a motor vehicle. (Br. in Supp. Mot. to Dismiss Defs. Brent Godfrey and Sheriff Wayne Coats ("Br.") (Doc. 19) at 7; Resp. (Doc. 27) at 16.)

A.  **Jurisdiction**

Although Plaintiff contends that Defendants "move only under Rule 12(b)(6)" for dismissal, (Resp. (Doc. 27) at 5), this court concludes that Defendants assert a jurisdictional issue for reasons similar to those described in Menchaca v. Chrysler

- 6 -

Credit Corp., 613 F.2d 507 (5th Cir. 1980). In Menchaca, the Fifth Circuit stated that

> [d]espite plaintiffs' allegations of multiple bases of jurisdiction in their original complaint, the parties agree that the sole basis of jurisdiction that could support this claim is 42 U.S.C. § 1983. As such, the existence of the "under color of law" element of the claim, i.e., state action, is required in order to invoke the district court's jurisdiction.

Id. at 511 (cleaned up). Under that analysis, a failure by Plaintiff to plausibly allege state action could preclude jurisdiction.

Like Menchaca, Plaintiff alleges an unconstitutional seizure of her property in violation of the Fourth and Fourteenth Amendments.[2] (Compl. (Doc. 1) at 24-20.) Also like Menchaca, jurisdiction as to Count X is predicated upon 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States. (See Compl. (Doc. 1) at 2.)[3] The claim by Plaintiff is a violation of 42 U.S.C. § 1983. Therefore, under the analysis described by Menchaca, the failure by

---

[2] Plaintiff also alleges a violation of the Fifth Amendment, (Compl. (Doc. 1) at 2), which is immaterial to this analysis and appears to have been abandoned in the briefing. (See, e.g., Resp. (Doc. 27) at 15.)

[3] Plaintiff asserts several other grounds for jurisdiction, however, with the dismissal of all other defendants and claims, only this claim remains for jurisdictional purposes. Although Plaintiff makes allegations about a conspiracy, (see Compl. (Doc. 1) ¶ 108), Count X is alleged as a substantive violation of 18 U.S.C. § 1983.

Plaintiff to plausibly allege state action supports a dismissal on jurisdictional grounds.

Nevertheless, unlike Menchaca, Defendants assert a facial challenge to jurisdiction and the allegations must be construed in the light most favorable to Plaintiff. Plaintiff's allegations, taken as true, establish for purposes of this motion that Plaintiff was in her car, attempting to drive away, when CR used the tow bar to secure and lift the back end of her car. Thereafter, Godfrey "ordered [Plaintiff] to exit the Vehicle so that CR could repossess it" and, as a result, Plaintiff "exited the vehicle." (Compl. (Doc. 1) at 11.)

Whether Godfrey's order can be construed as active participation in the creditor's repossession will have to be determined later. For purposes of the motion to dismiss, it appears the order to exit the vehicle so that CR could repossess it, as alleged, plausibly describes active participation.

> When an on-duty police officer actively participates in a creditor's repossession . . . "the officers are participating in the removal of the debtor's property while cloaked in the mantle of their authority as agents of the state." Wallace v. Chrysler Credit Corp., 743 F. Supp. 1228, 1234 (W.D. Va. 1990); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 n. 18 (1982); Abbott v. Latshaw, 164 F.3d 141, 146 (3rd Cir. 1998).

Goard v. Crown Auto, Inc., 170 F. Supp. 3d 915, 918 (W.D. Va. 2016) (cleaned up). Under this standard, this court is compelled

- 8 -

to find subject matter jurisdiction is present. To the extent Defendants contend that the <u>de minimus</u> nature of Godfrey's involvement precludes jurisdiction, that issue will be addressed in the analysis of the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**B.  Failure to State a Claim**

**1.  State Action**

"By the plain terms of § 1983, two — and only two — allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980). Defendants do not challenge the fact that Plaintiff may have been deprived of a federal right, only that state action was not employed to deprive her of that right.

Defendants contend Godfrey's limited involvement cannot be considered state action sufficient to establish the second element of a § 1983 claim. (Br. (Doc. 19) at 10.) However, "[a] 'seizure' of property . . . occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" <u>Soldal v. Cook Cnty.</u>, 506 U.S. 56, 61 (1992).

- 9 -

A number of cases have considered the question of whether a law enforcement officer's presence at or participation in a creditor's repossession constitutes action under color of state law. In such cases, of course, the officers are participating in the removal of the debtor's property while cloaked in the mantle of their authority as agents of the state.

Wallace, 743 F. Supp. at 1234 (citations omitted). "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." United States v. Classic, 313 U.S. 299 (1941).

At this stage of the proceedings, this court finds Marcus v. McCollum persuasive. 394 F.3d 813 (10th Cir. 2004). As described in Marcus with respect to law enforcement involvement in a private repossession:

> This area of the law is particularly fact-sensitive, so the circumstances must be "examined in their totality." Howerton v. Gabica, 708 F.2d 380, 384 (9th Cir. 1983). If the evidence showed, for example, that an "officer came on the scene at the request of the repossessor and said to the debtor, 'don't interfere with this repossession,' or 'you know you're not the rightful owner of the property,'" an officer might be liable. Barrett v. Harwood, 189 F.3d 297, 303 (2d Cir. 1999); see also Greco v. Guss, 775 F.2d 161, 168 (7th Cir. 1985) (finding state action where deputy told debtor that the seizure was legal); Harris v. City of Roseburg, 664 F.2d 1121, 1127 (9th Cir. 1981) (finding state action where debtor was told to stop interfering or he would go to jail; debtor would have prevented the repossession if police had not been there). An officer's "arrival with the repossessor" could give "the repossession a cachet of legality" and have "the effect of intimidating the debtor into not exercising his right to resist, thus facilitating the

- 10 -

> repossession." <u>Booker v. City of Atlanta</u>, 776 F.2d 272, 274 (11th Cir. 1985). "Even if unintended, such an effect could constitute police 'intervention and aid' sufficient to establish state action." <u>Id.</u> (quoting <u>Menchaca</u>, 613 F.2d at 513).
>
> Other factors courts take into consideration include intervening at more than one step, <u>Howerton</u>, 708 F.2d at 385; failing to depart before completion of the repossession, <u>Jones v. Gutschenritter</u>, 909 F.2d 1208, 1211-12 (8th Cir. 1990); standing in close proximity to the creditor, <u>id.</u>; and unreasonably recognizing the documentation of one party over another, <u>Abbott</u>, 164 F.3d at 149. To repeat, the overarching lesson of the case law is that officers may act to diffuse a volatile situation, but may not aid the repossessor in such a way that the repossession would not have occurred but for their assistance.

<u>Marcus</u>, 394 F.3d at 819 (cleaned up). This court finds that determination of whether Godfrey participated in a manner sufficient to constitute intervention and state action is a fact-intensive issue. For instance, it is possible that under all the circumstances, if Godfrey did in fact order Plaintiff to exit the vehicle, that might be construed as recognizing the rights of one party over another. Similarly, that fact might be understood to "aid the repossessor in such a way that the repossession would not have occurred" but for Godfrey's assistance. <u>See</u> <u>id.</u> On the other hand, an examination of the totality of the circumstances might disclose that Godfrey's actions were necessary to keep the peace and were not in aid of the repossessor.

- 11 -

A determination of whether Godfrey's actions were insufficient to constitute state action cannot be determined as a matter of law for purposes of Fed. R. Civ. P. 12(b)(6). Defendant's argument raises factual issues which must be decided in favor of Plaintiff's averments.

**2. <u>Qualified Immunity</u>**

Godfrey contends that he is entitled to qualified immunity. (Br. (Doc. 19) at 11.) When subject to suit under § 1983, state and local officials may assert qualified immunity to shield them "from liability for civil damages[,] insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Therefore, in deciding whether a government official is entitled to qualified immunity, this court must determine whether there was a violation of a person's constitutional rights and then analyze whether the right was "clearly established" so that a reasonable officer would know "that his conduct was unlawful in the situation he confronted." <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001). The doctrine of "[q]ualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who

- 12 -

knowingly violate the law.'" Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011) (citations omitted).

Plaintiff contends Godfrey's actions violated her Fourth and Fourteenth Amendment rights. (Resp. (Doc. 27) at 15-16.) Defendants contend that:

> There is no binding authority in this district, or others, that would have given Defendant Godfrey fair notice that his actions would result in an "adoption" or conspiracy with the repossessing company, let alone a violation of constitutional law. The cases described in the previous section demonstrate that his actions were appropriate, common, and did not invoke Section 1983.

(Br. (Doc. 19) at 15.) Contrary to Defendants' arguments, this court finds at this stage of the proceedings that qualified immunity has not been established. The court finds Goard, 170 F. Supp. 3d 915, persuasive on the issue of qualified immunity.

First, the complaint contains allegations which are sufficient to establish a violation of Plaintiff's constitutional rights.

> The right to due process prior to the seizure of one's property is subject to Fourth and Fourteenth Amendment scrutiny. See Fuentes v. Shevin, 407 U.S. 67, 92 (1972) (holding that Florida and Pennsylvania prejudgment replevin statutes unconstitutionally deprived persons of property without due process of law because they denied the right to be heard before taking the property away); Soldal v. Cook Cnty., 506 U.S. 56, 61 (1992) (providing Fourth and Fourteenth Amendment protection to the removal of a mobile home by police officers). Courts have also routinely denied qualified immunity in officer-assisted repossession.

- 13 -

Goard, 170 F. Supp. 3d at 919.

Second, with respect to whether the right was clearly established at the time of the private repossession here,

> "[i]t is true that the Fourth Circuit has not, itself, specifically considered whether a reasonable officer could have believed that active involvement in a private vehicle repossession would be lawful." Morozov v. Howard Cnty., No. MJG-10-1515, 2012 WL 2048296, at *1 (D. Md. June 5, 2012). However, "reasonable police officers should know from the established precedent in Fuentes that their role is not to be participants in property deprivations without notice and an opportunity to be heard." Abbott, 164 F.3d at 149. Furthermore, the Supreme Court's Soldal opinion, discussed above, also provides sufficient precedent that a police officer cannot actively participate in self-help repossession. Soldal, 506 U.S. at 61; see also Brian S. Batterton, Self-Help Repossession Versus the Fourth Amendment, Legal & Liability Risk Management Institute (Dec. 2012) (discussing how to follow the law in self-help repossession cases after Soldal).

Goard, 170 F. Supp. 3d at 920 (cleaned up).

Discovery and further proceedings may establish that qualified immunity applies. However, at this stage, taking the allegations of the complaint as true and drawing all reasonable inferences in favor of Plaintiff, this court cannot find as a matter of law that Defendants are entitled to qualified immunity.

### 3. Coats and the Monell Claim

Defendants contend the allegations are insufficient to establish a claim against Coats under Monell v. Dep't of Soc.

- 14 -

Case 1:22-cv-00369-WO-LPA   Document 45   Filed 03/09/23   Page 14 of 16

Servs., 436 U.S. 658 (1978). (Br. (Doc. 19) at 16-19.) To establish a claim against the Sheriff, Plaintiff must plausibly allege that her injury, if any, resulted from an official policy or custom of the Sheriff's Office. See Collins v. City of Harker Heights, 503 U.S. 115, 120-121 (1992). Official liability will attach under § 1983 only if "'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Id. at 121 (quoting Monell, 435 U.S. at 694). Official liability under § 1983 may not be premised on a respondeat superior or other vicarious liability theory. See Collins, 503 U.S. at 121.

After careful review, this court finds Plaintiff's allegations sufficient to plausibly state a claim for relief under Monell. Many of Plaintiff's allegations as to custom or policy are made on information and belief; discovery may or may not disclose facts upon which Monell liability may be established. However, this court is not able to find, as a matter of law at this stage of the proceedings, that the claim against Coates is subject to dismissal.

## IV. CONCLUSION

For the reasons set forth herein, this court finds Defendants' Motion to Dismiss Defendants Brent Godfrey and

Sheriff Wayne Coats, (Doc. 18), should be denied. Plaintiff's complaint states a claim upon which relief may be granted under 42 U.S.C. § 1983. In addition, the allegations in the complaint are not sufficient to establish the defense of qualified immunity.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Defendants Motion to Dismiss Brent Godfrey and Sheriff Wayne Coates is hereby **DENIED**.

This the 9th day of March, 2023.

*/s/ William L. Osteen, Jr.*
United States District Judge